UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STEVEN L. RUTHERFORD                          CIVIL ACTION

VERSUS                                                  NO. 10-1988

EQUIFAX, ET AL.                          SECTION "N" (2)

**ORDER AND REASONS**

         Presently before the Court are two motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Trans Union LLC and Equifax Information Services (Rec. Doc. 11 and 13). These motions presently are set for hearing by the Court on November 3, 2010. Plaintiff, however, has asked that the November 3, 2010 hearing be continued because a hearing has been scheduled for the same day in another matter. *See* Rec. Doc. 17. Plaintiff also has requested oral argument. *See* Rec. Doc. 18.

         Having considered the aforementioned motions and Plaintiff's complaint (Rec. Doc. 4), the Court has determined that, for essentially the reasons stated by Defendants, their motions to dismiss should be granted. Quite simply, even construing the allegations of Plaintiff's complaint as true, and in the light most favorable to the plaintiff, they are not sufficient to provide Defendants with sufficient notice of the claims asserted against them. Further, although the complaint references "attached evidence," nothing is attached. As discussed in *Bishop v. Shell Oil Co.*, No.

07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Nor would delaying consideration of Defendants' motions to allow Plaintiff additional time to submit written opposition memoranda, or to appear in open Court, remedy the deficiencies of Plaintiff's complaint. To do so would only delay the requirement that Plaintiff submit an amended complaint against Defendants if he desires to proceed further with this lawsuit.

Accordingly, for the reasons stated herein, **IT IS ORDERED** that:

1) The two motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by Defendants Trans Union LLC and Equifax Information Services (Rec. Doc. Nos. 11 and 13) are **GRANTED WITHOUT PREJUDICE** to Plaintiff's right to submit an amended complaint <u>no later than</u> twenty (20) days from the date that this Order and Reasons is entered into the record. In preparing the amended complaint, Plaintiff should carefully consider and address the factual deficiencies outlined in the memoranda supporting Defendants' motions to dismiss. Further, if documents should accompany the amended complaint, Plaintiff is take necessary steps to ensure that such document actually are included.

(2) Plaintiff's request for oral argument (Rec. Doc. 18) is **DENIED**.

(3) Plaintiff's motion for entry of default (Rec. Doc. 19) is **DENIED**.

(4) Plaintiff's "Motion for Merit Hearing" is **DENIED**. In addition to the foregoing

reasons, the motion is unintelligible. All requests for relief submitted to this Court must be sufficiently clear and detailed for the Court to understand and identify what is being requested.

New Orleans, Louisiana, this 27th day of October 2010.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**