UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STEVEN L. RUTHERFORD                                             CIVIL ACTION

VERSUS                                                                       NO. 10-1988

EQUIFAX, ET AL.                                                         SECTION "N" (2)

**ORDER AND REASONS**

Presently before the Court are several motions filed by Defendants and Plaintiff. The Court rules on the motions as stated herein.

(1) With respect to Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rec. Docs. 34, 35, and 41), which are directed to Plaintiff's Amended Complaint (Rec. Doc. 31), the Court has determined that, for essentially the reasons stated by Defendants in their memoranda, the motions to dismiss should be granted. As outlined by Defendants, the Amended Complaint, though more informative than Plaintiff's original Complaint, still is not sufficient to provide Defendants with adequate notice of the claims asserted against them. As discussed in *Bishop v. Shell Oil Co.*, No. 07-2832, 2008 WL 2079944, *1-2 (E.D. La. 5/16/08) (Engelhardt, J), Rule 8 of the Federal Rules of Civil Procedure requires that the complaint provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted);

1

*see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant"). Accordingly, **IT IS ORDERED** that Defendants' motions to dismiss (Rec. Docs. 34, 35, and 41) are **GRANTED WITHOUT PREJUDICE** to Plaintiff's right to submit a second amended complaint <u>no later than</u> twenty (20) days from the date that this Order and Reasons is entered into the record.

In preparing the second amended complaint, Plaintiff <u>must</u> adequately address the deficiencies outlined in the three memoranda supporting Defendants' motions to dismiss. Otherwise, his claims shall be dismissed with prejudice, *i.e.*, there will be no further opportunity to remedy pleading deficiencies through by amendment. Thus, for instance, Plaintiff's second amended complaint must specify the basis of his claim against each particular defendant separately, rather than lumping them together. He also must explain why his "dropping credit score" allegedly was "without justification"; conclusory allegations such as these are inadequate. Plaintiff must further identify how the reports were inaccurate, any efforts he made to advise Defendants of the inaccuracies, and why the applicable Defendant's response, if any, was unsatisfactory. Further, if documents should accompany the second amended complaint, Plaintiff must take any necessary steps to ensure that such documents actually are included. Finally, the second amending complaint shall include all of the allegations from the original and first amended complaints on which Plaintiff continues to rely, as well as Plaintiff's additional allegations.

With respect to the submission of a second amended complaint, and thereafter, if Plaintiff intends to proceed with this matter without counsel, he must <u>promptly</u> familiarize himself with the Federal Rules of Civil Procedure – including Rule 4 relative to service of process, Rule 12

regarding answers and motions asserting defenses, and Rule 55 regarding default judgments – the Local Rules of this Court, and the Preamble to the Local Rules.  Local Rules 4, 5, 7, and 78 are particularly important with regard to motions. All of these materials are published on the Court's website, which is found at www.laed.uscourts.gov.  These materials also may be reviewed and/or copied at the Law Library of the United States Court of Appeals for the Fifth Circuit, 600 Camp Street, New Orleans, Louisiana  70130.  The telephone number there is 504-310-7797.

With respect to any "personal identifiers" that Plaintiff might consider including in a  submission to the Court, he is additionally instructed of the following policy:

> In order to conform with the policy of the Judicial Conference of the United States and the E-Government Act of 2002 and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, the Court has directed that parties shall refrain from including, or shall redact where inclusion is necessary, the following personal identifiers from all pleadings filed with the court, including exhibits thereto, unless otherwise ordered by the court.
>
> a.  Social Security numbers.  If an individual's social security number must be included in a pleading, only the last four digits of that number should be used.
>
> b.   Names of minor children. If the involvement of a minor child must be mentioned, only the initials of that child should be used.
>
> c.   Dates of birth. If an individual's date of birth must be included in a pleading, only the year should be used.
>
> d.   Financial account numbers. If financial account numbers are relevant, only the last four digits of these numbers should be used.
>
> In compliance with the E-Government Act of 2002 effective April 16, 2003, a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal. The filing party shall clearly mark the document "Filed Under Seal". This document shall be retained by the court as part of the record.

The responsibility for redacting these personal identifier rests solely with counsel and the parties. The Clerk [of Court] will not review each pleading for compliance with this rule.

(2) While motions to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure are pending, defendants generally are not required to file an answer. Accordingly, Plaintiff's motions urged based on Defendants' failure to file answers (Rec. Docs. 36, 37, 38, 39, and 43), including those motions seeking "leave to proceed to trial," a default, and the filing of an answer, are **DENIED**.

(3) Plaintiff's "motion of settlement" (Rec. Doc. 42) is **DENIED**. Defendants are not required to settle a plaintiff's claims.

(4) Plaintiff's motion for injunctive relief (Rec. Doc. 47) is **DENIED**. District courts, which are courts of original general jurisdiction, do not simply "refer" actions pending before them to the Fifth Circuit Court of Appeals or the United States Supreme Court in response to a party's request. In any event, the appeal that Plaintiff references in this motion has been dismissed and his petition for certiorari to the Supreme Court denied. *See Rutherford v. United States District Court, et al.*, Civil Action 10-2801, Section "B", Rec. Docs. 23 and 24. Further, Plaintiff's motion to expedite (Rec. Doc. 48) is **DENIED** as **MOOT**.

(5) As also stated by the Court of Appeals, Plaintiff is warned that continued filing of frivolous motions, or non-compliance with the Court's orders, will invite the imposition of a monetary or other sanction.

New Orleans, Louisiana, this <u>15th</u> day of <u>August</u> 2011.

_____<br>
**KURT D. ENGELHARDT**<br>
**UNITED STATES DISTRICT JUDGE**